UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                 Case Number 17-20360

v.                                                  Honorable David M. Lawson

DELANTAE COLLINS,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

This matter is before the Court on the defendant's motion for reconsideration of the Court's order denying his motion for compassionate release. The government has filed a response in opposition, and the defendant filed a reply. After reviewing the submissions of the parties, the Court finds that the defendant has not identified any palpable defect in the Court's ruling that would precipitate a different outcome. The motion therefore will be denied.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. Mich. Dep't of Treasury v. Michalec, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). "Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3). In any event, "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1).

The Court has reviewed the additional medical information that was submitted with the motion and finds that it adds nothing new to call into question the Court's conclusion that the

defendant's asthma condition does not constitute a recognized serious risk factor for exposure to possible infection from the the coronavirus disease.

Moreover, the Court previously concluded that it could excuse the defendant's failure to exhaust administrative avenues for seeking compassionate release, but the government points out in its response, and it appears to be undisputed, that the original motion was filed only 10 days after the defendant first submitted a request for compassionate release to the prison warden. After the Court's prior order was issued, the Sixth Circuit held in *United States v. Alam*, --- F.3d ---, No. 20-1298, 2020 WL 2845694 (6th Cir. June 2, 2020), that "[i]f the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court . . . by moving for it on his own behalf," but "[t]o do that, he must 'fully exhaust[] all administrative rights to appeal' with the prison or wait 30 days after his first request to the prison." 2020 WL 2845694, at *2 (quoting 18 U.S.C. § 3582(c)(1)(A)). The court of appeals further held that the exhaustion requirement is a claim processing rule that does not implicate subject matter jurisdiction, but that it also is mandatory and not subject to waiver, forfeiture, or any pertinent equitable exception, at least where the government timely asserts an objection based on failure to exhaust. Therefore, even if the defendant had suggested adequate grounds to persuade the Court of the need for immediate release, the motion in the posture previously presented to the Court should have been denied on the ground of failure to exhaust, based on recent controlling circuit law.

Accordingly, it is **ORDERED** that the defendant's motion for reconsideration (ECF No. 105) is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:  June 16, 2020